IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE: KAREN MCCOY, A MEMBER OF )
A PETIT JURY                      )
                                  )
                                  )
                                  )
                                  ) HONORABLE DAVID H. COAR
                                  )
                                  ) **08cv2189**
                                  ) **JUDGE NORGLE**
                                  ) **MAGISTRATE JUDGE VALDEZ**

## MEMORANDUM OPINION AND ORDER

Karen L. McCoy ("McCoy"), who served as a juror in the United States District Court, has informed this court that she believes she was terminated from her employment at Middleby Marshall ("Middleby"), located in Elgin, Illinois, due to her petit jury service. This court informed Middleby in writing of McCoy's claim and asked Middleby to provide the court a response by March 10, 2008. This court received a response from Middleby, dated February 26, 2008, asserting that the reason for McCoy's termination was an employee shift. Based on the available facts, this court finds probable merit on McCoy's claim.

McCoy was sworn-in as a member of a petit jury on February 11, 2008. Middleby terminated her employment on February 18, 2008. McCoy began her work at Middleby as a temporary employee in October 2007. On December 10, 2007, McCoy was hired as a full-time, permanent employee. McCoy brought to this court's attention on February 19, 2008 her belief that she was terminated based on her petit jury status. This court interviewed McCoy about her claim of wrongful termination on February 21, 2008. On February 22, 2008, this court received

from McCoy by fax a copy of her termination letter. On the same day, this court sent a letter to Middleby apprising Middleby of McCoy's claim and Title 28, United States Code, Section 1875. In the letter, this court requested that Middleby provide this court a written statement and documentation of the circumstances regarding McCoy's termination by March 10, 2008. A letter was received from Middleby, dated February 26, 2008, explaining the reasons for McCoy's termination; there was no further documentation provided. This court relies on the facts provided by McCoy and Middleby for this opinion.

## I. FACTS

McCoy obtained her G.E.D. in 1996, and worked for Panasonic Corporation from 1994 until 2004. In 2004, she was outsourced to Norvanco International Inc. and then to UTi Logistics. In October 2007, McCoy was hired as a temporary employee at Middleby, after approximately six months of unemployment. As a temporary employee, McCoy handled invoicing and order releasing. On December 10, 2007, McCoy was hired as a full-time, permanent employee in the Parts Department of Middleby, where her job duties included putting in orders for repairs and taking phone calls from service agents. Michael Matthews ("Matthews") was her supervisor, and Margit Ritchey ("Ritchey") was her coworker in the Parts Department.

In late January 2008, McCoy received her first jury summons. McCoy informed Matthews and Ritchey of her summons. She does not recall any negative response. Ritchey had also been summoned for jury duty in state court, and served one day.

On Monday, February 11, 2008, McCoy was selected to be a member of the jury in this federal district court. She informed Matthews and Ritchey. Matthews said, "OK." McCoy

proceeded to serve on the jury the week of February 11, 2008. The trial ended Friday, February 15, 2008. On Friday, February 15, 2008, McCoy called Middleby to offer to work the following Saturday. No one answered the phone. She left a message on Matthew's phone, informing him that she was done with jury duty, and could come in Saturday, if needed. Matthews did not respond, and later told McCoy he did not receive the message until Monday morning.

On Monday, February 18, 2008, McCoy reported to work early, at 6 a.m., instead of 8 a.m., her usual start time. When she got to her desk, she realized that the username on her computer had changed and someone else had been using her computer. Some sheets of paper were also removed from her desk. Ritchey came in and said to McCoy, "What are you doing here?" Ritchey told McCoy to talk to Matthews before starting work.

At approximately 7 a.m., Terry Solar, from human resources, asked to talk with McCoy. On their way to the conference room, they saw Matthews. Matthews informed McCoy that her employment had been terminated. Matthews apologized to McCoy, and told McCoy that she was an excellent employee and that she could use him as a reference. He informed her that there were some restructuring changes while she was gone, and her termination decision came from Mark Sieron. McCoy also spoke with coworker Sharon Boyd, and learned that Matthews had been upset about her termination.

Vicki Manring ("Manring") was brought in as McCoy's replacement. According to Middleby, Manring had been a long-term clerical employee in the "Parts" department until she was promoted to be a line supervisor of temporary employees in the "Service" area. Middleby asserts that Manring was not a successful supervisor, and thus Middleby switched her back to her

former position in the "Parts" Department, thereby replacing and terminating McCoy. McCoy was informed that she was rehirable for other Middleby positions.

At no point before or during her jury service did McCoy have reason to believe her job was in jeopardy. She was not notified of any employment changes before her jury service, and had heard nothing about company restructuring until she returned to work after her jury service.

## II. LEGAL STANDARD

28 U.S.C. §1875 creates a statutory right of employment protection for federal jurors, stating that "no employer shall discharge, threaten to discharge, intimidate, or coerce any permanent employee by reason of such employee's jury service, or the attendance or scheduled attendance in connection with such service, in any court of the United States." 28 U.S.C. §1875(a). Under the statute, a juror is entitled to damages for any loss of wages or other benefits suffered due to a violation. *Id.* §1875(b)(1). Further, the court may enter injunctive relief, such as reinstatement of a juror's employment. *Id.* §1875(b)(2). A civil penalty of not more than $1000 per violation may be imposed on the employer as well. *Id.* §1875(b)(3).

In a wrongful termination claim based on juror status, federal district courts may appoint counsel for the individual if the claim is found to have probable merit. 28 U.S.C. §1875(d)(1). A probable merit threshold is a low standard, whereby the court finds it is *likely* for the claim to have merit. Appointed counsel "shall be compensated and necessary expenses repaid to the extent provided by section 3006A of title 18, United States Code," the statute addressing payment of appointed counsel for criminal defendants. *Id.* Additionally, should an employee prevail, the court may award attorney's fees to the employee pursuant to 28 U.S.C. §1875(d)(2).

## III. ANALYSIS

This court must assess whether there is probable merit to support McCoy's claim that Middleby discriminated against McCoy based on her petit jury service. Probably merit is a low threshold standard. Based on the facts in the record, this court finds that there is probable merit to McCoy's claims.

The temporal proximity of McCoy's termination to the commencement of her jury service is suspicious. Prior to her jury service, McCoy had received no negative feedback of her work performance. In fact, her supervisor seemed upset about her termination, and offered to be a reference for her. This suggests that McCoy's performance was at least satisfactory, and was not the basis of her termination. Moreover, her position was not terminated. Middleby explains McCoy's termination as a decision for employee shifting. However, Middleby has provided no documentation that the decision to replace McCoy occurred before her jury service, or was otherwise independent of her jury service. Finally, McCoy was not been given any prior notice that her job would be ending, or that the company was restructuring before her jury service. In summary, McCoy had been a valued employee prior to her jury service, she was not notified of any potential changes to employment prior to her jury service, and she was fired upon return from her jury service. The timing and circumstances surrounding McCoy's termination raises sufficient suspicion for this court to make a finding of probable merit as to McCoy's claim of discrimination based on her jury service.

In making this ruling that there is probable merit that Middleby violated Section 1875, this court emphasizes that this finding is based on a preliminary evaluation of McCoy's claim and constitutes a preliminary finding that McCoy's claim is likely to have merit. Appointed

counsel should undertake further prefiling investigation to make a determination consistent with Federal Rule of Civil Procedure 11 of whether a civil suit should be filed.

## IV. CONCLUSION

This court orders the appointment of counsel for petit juror Karen McCoy pursuant to 28 U.S.C. §1875 and appoints attorney Zaldwaynaka Scott to represent petit juror Karen McCoy in her claim of discrimination against her former employer, Middleby Marshall. Appointed counsel is requested to contact Karen McCoy.

**Enter:**

**/s/David H. Coar**

**David H. Coar**

**United States District Judge**

Dated: April 14, 2008